Clarence E. Dunn
vs.
United Lace & Braid Manufacturing Co.
W. C. P. No. 84.

June 12, 1931.

TANNER, J. This is a petition for compensation on account of an injury received by the petitioner in July of 1926. He fell from a ladder to the floor and fractured the bones of his right foot and also, we find from the evidence, received a blow on the head. He received compensation for the injury to his foot but soon thereafter commenced to suffer from short attacks of unconsciousness. These attacks have continued at increasingly shorter intervals ever since. They caused him to lose several jobs and in 1928, when having one of these spells, he fell into the Hope Reservoir, since which time he has been totally incapacitated for work.

The first claim made by the respondent is that these spells, which were diagnosed as epilepsy, did not arise from the accident. There was, however, a total lack of any history indicating such attacks prior to the accident, and the opinion of a competent medical expert, Dr. Farnell, is that this accident resulted in traumatic epilepsy.

We see no reason to doubt this opinion and therefore find that it is entirely reasonable to conclude that

these attacks were the result of the accident, and we so find.

Another defense is that no claim for compensation because of these attacks was made within a year of the occurrence of the injury.

It appears that the petitioner was told in the fall of 1926 that these attacks were the result of his fall, although he was not told that it was epilepsy until 1929. This information, with his own knowledge of the continuous nature of these attacks and their increasing severity, seems to us to have been sufficient to have apprized the petitioner of his claim, so that he could and should have made his claim long before he did and he did not make it until much more than a year after his knowledge of the cause of his trouble.

We think, therefore, that this defense is good.

We think also the claim of the defendant that the petition was not filed within two years of the occurrence of the injury is good. As stated in the last paragraph, the plaintiff must have known for some time prior to two years before the filing of the petition that his increasing trouble was due to his accident.

We therefore find for the defendant upon this point.

The great reliance, however, of the petitioner's counsel seems to be upon the claim that the mental incompetence of the petitioner excused him from making his claim and filing his petition in time.

Upon the testimony of the petitioner's own expert, Dr. Farnell, however, the petitioner is perfectly competent when he is not suffering from one of these spells. Certainly his appearance and testimony on the stand would convince the Court that during his appearance in Court, at any rate, he was certainly competent. It is a well-known fact of history that many remarkably able men have been epileptics.

We, therefore, somewhat reluctantly feel obliged to deny the petition.

For petitioner: Roger L. McCarthy, LeRoy G. Pilling.

For respondent: Hinckley, Allen, Tillinghast, Phillips & Wheeler; Harold A. Andrews.